856 So.2d 758 (2003)
J.C. RICHARDSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01619-COA.
Court of Appeals of Mississippi.
October 14, 2003.
*759 J.C. Richardson, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before MCMILLIN, C.J., MYERS and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. J.C. Richardson pled guilty to manslaughter and possession of a firearm by a convicted felon. He was sentenced to serve twenty-three years in the custody of the Mississippi Department of Corrections. He filed a motion for post-conviction relief alleging that he was incompetent to enter his guilty plea and that the trial court should have ordered a psychiatric evaluation. Richardson also claimed his attorney was ineffective for failing to seek a psychiatric evaluation for Richardson. The circuit court denied his motion. Finding no error, we affirm.

FACTS
¶ 2. J.C. Richardson was indicted for murder and possession of a firearm by a convicted felon. Richardson reached a plea bargain agreement wherein he agreed *760 to enter a guilty plea to manslaughter and possession of a firearm by a convicted felon. Richardson executed a petition to enter a guilty plea and was fully informed of his rights at his plea hearing. The trial judge accepted his plea and sentenced him to twenty-three years in the custody of the Mississippi Department of Corrections. Subsequently, Richardson filed a motion for post-conviction relief.
¶ 3. The circuit court granted a hearing on the motion for post-conviction relief. Richardson testified that his attorney advised him he would likely lose if he elected to go to trial and recommended that he accept the plea bargain. Richardson testified that he did not realize he could be sentenced to twenty-three years in prison and that his attorney never mentioned the possibility of a psychological examination.
¶ 4. Richardson contends that he needed an examination because he was "messed up" on alcohol and drugs. He claimed to have contacted a psychologist while awaiting trial, but he did not attend any meetings or counseling sessions. Richardson testified that he could not remember if he told his attorney that he had contacted a psychologist. He did, however, admit to telling his attorney that he had no mental problems. Specifically, Richardson testified that while he was not "exactly ... crazy," he had been told by friends that he was "nuts." Richardson admitted that he had never been prescribed medication for a mental problem or sought a mental evaluation.
¶ 5. Richardson further admitted that he knew there were several witnesses present the day the trial was scheduled who would have testified that they saw him shoot a man in the back. He also admitted to having a gun and shooting the victim, but he claimed it was accidental. Nevertheless, Richardson now contends that he thought the jury would have acquitted him if he had gone to trial.
¶ 6. Upon this evidence, the circuit court found that Richardson had failed to demonstrate he was incompetent, that his pleas of guilty were not entered voluntarily, knowingly and intelligently, or that his attorney was ineffective. The circuit court, therefore, denied the motion and the relief requested.

I. Whether the trial judge erred in the failure to order a psychiatric evaluation.

¶ 7. A trial judge is required, before accepting a plea of guilty, to "determine that the accused is competent to understand the nature of the charge." URCCC 8.04(4)(a). The court has authority to order, upon its own motion, a psychiatric evaluation of the accused. Miss.Code Ann. § 99-13-11 (Rev.2000). "Even where the issue of competency to stand trial has not been raised by defense counsel, the trial judge has an ongoing responsibility to prevent the trial of an accused unable to assist in his own defense." Howard v. State, 701 So.2d 274, 280 (Miss. 1997). The decision to order a mental examination is within the discretion of the trial judge; there is "no abuse of discretion in denying a mental evaluation where there has been no proof presented to the judge." Dunn v. State, 693 So.2d 1333, 1340-41 (Miss.1997).
¶ 8. Richardson claims he should have had a psychiatric evaluation because he was using drugs at the time he entered his plea. The record does not support this claim. In both his petition to enter a guilty plea and his plea colloquy, Richardson testified under oath that he understood what he was doing and that he had not consumed alcohol or narcotics in the three days prior to the hearing. He also testified that his mind was clear. Indeed, *761 the record is completely devoid of any evidence that may suggest the need for a psychiatric evaluation.
¶ 9. At the post-conviction hearing, Richardson testified that he had never been diagnosed with any mental problems or sought a mental evaluation. We also note that Richardson does not provide this Court with any supporting affidavits to establish his alleged mental deficiency, as required under Mississippi Code Annotated § 99-39-9(e) (Rev.2000). Considering these facts, the trial judge did not abuse her discretion in not ordering, upon her own motion, a psychiatric evaluation of Richardson.

II. Whether Richardson entered his guilty plea voluntarily, knowingly and intelligently as required by Mississippi law.

¶ 10. Richardson submits to this Court that, despite the monumental evidence in the record indicating that he fully understood all of the consequences of his guilty plea, he actually did not plead guilty voluntarily, knowingly and intelligently because he was mentally unsound and was forced into his guilty plea by his own attorney. The determination of whether a guilty plea is knowingly, voluntarily and intelligently made is evaluated by a review of whether the defendant was advised of the nature of the charges against him, the rights which he would waive by pleading guilty, the maximum sentences that he could receive for the crimes charged, and whether he was satisfied with the advice and counsel of his attorney. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The defendant bears the burden of proving that a guilty plea was not made voluntarily. Gardner v. State, 531 So.2d 805, 810 (Miss.1988). If this burden is not met, the defendant's plea must be upheld as one that was made voluntarily, knowingly and intelligently. Id. It should be noted that "[s]olemn declarations in open court [by a defendant] carry a strong presumption of verity." Id. Further, the record must reflect that the trial court thoroughly advised the defendant of all the consequences of a guilty plea, including the waiver of rights, satisfaction with one's attorney and advisement on the maximum and minimum penalties one can acquire for the crime committed. Alexander, 605 So.2d at 1172; Gardner, 531 So.2d at 809-10.
¶ 11. A guilty plea may not be accepted where the defendant did not plead of his own volition. Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "A plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality." Id. Aside from a situation where defense counsel simply neglects his client's case or makes negligent fatal errors in the case, ineffective assistance of counsel may include instances where a defendant's attorney misrepresents information regarding the plea to the defendant, thereby inducing him to plead guilty. Myers v. State, 583 So.2d 174, 177 (Miss.1991). Another example includes instances where defense counsel purposefully lies to the defendant or asks the defendant to lie in court proceedings regarding his plea. Id. In such situations, it is likely that the plea could be successfully attacked by the defendant as involuntary. Id.
¶ 12. We find that the trial court committed no error in accepting Richardson's guilty plea and denying his motion for post-conviction relief. The record shows Richardson was fully informed of the nature of the charge against him, the rights he would waive by pleading guilty, and the maximum sentence he could receive. Alexander, *762 605 So.2d at 1172. With regard to Richardson's claim that his attorney forced him to accept the plea bargain, we again find nothing in the record to support this assertion. Richardson expressed full satisfaction with his attorney, denying that he had been coerced into pleading guilty. Richardson also stated that he understood the term of his sentence and that his attorney informed him of the prosecution's sentencing recommendation. Based on the evidence provided to us in the record, which we find sufficient, we are convinced that Richardson entered his plea voluntarily, knowingly and intelligently, and it should therefore be upheld.

III. Whether Richardson's attorney was ineffective for failing to seek a psychiatric evaluation.

¶ 13. To maintain a claim for ineffective assistance of counsel, Richardson must allege with specificity and detail that counsel's performance was deficient and that the deficient performance so prejudiced his defense so as to deprive him of a fair trial. Moore v. State, 676 So.2d 244, 246 (Miss. 1996).
¶ 14. Richardson's final argument is that his attorney should have requested that he receive a psychiatric evaluation. Richardson fails to present with specificity and detail how the failure of his counsel to seek a mental evaluation deprived him of a fair trial. He only states in his brief that he advised his attorney that he could not read or write, was addicted to drugs and alcohol, and had a prior history of mental problems. Richardson himself contradicted this statement, admitting at the hearing on his post-conviction relief motion that he told his attorney that he had no mental problems. The record lacks any evidence that Richardson presented himself as anything but mentally competent. There is no evidence to indicate that Richardson's attorney was on notice of any psychiatric problem or that Richardson's mind was or may by impaired. Indeed, there was no basis for Richardson's attorney to request a mental evaluation for Richardson.
¶ 15. Richardson has not made the requisite showing that his counsel's performance was deficient and that such deficient performance prejudiced his defense. Perkins v. State, 487 So.2d 791, 793 (Miss. 1986). We find the trial court committed no error and affirm the denial of Richardson's motion for post-conviction relief.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.