CARLTON, J.,
for the Court.
¶ 1. William Clark McNeal, Sr., pled guilty in the Harrison County Circuit Court to two counts of forcible sexual intercourse. He now challenges the validity of his plea and the effectiveness of his counsel. Finding no error, we affirm the dismissal of his motion for post-conviction relief.
FACTS
¶ 2. On January 11, 2001, a Harrison County grand jury returned a two count indictment against McNeal for the crimes of sexual battery under Mississippi Code Section 97-3-95(l)(a) and forcible sexual intercourse under Section 97-8-65. These charges related to an incident that occurred in October 2000. On August 27, 2001, McNeal was indicted on a separate charge of forcible sexual intercourse that took place in April 2000 against a different victim.
¶3. On May 18, 2002, McNeal pled guilty to both of the forcible sexual intercourse charges in the January and August indictments. The Harrison County Circuit Court followed the recommendation of the State and sentenced McNeal to twenty years on each count to run concurrently, to serve twelve years with eight suspended, and two years of post-release supervision. The sexual battery charge was retired to the files.
¶ 4. On February 17, 2005, McNeal filed a motion for post-conviction relief. The trial court dismissed his motion without a hearing. His appeal has been deflected to this Court.
DISCUSSION

1. Validity of Guilty Plea

¶ 5. McNeal argues that he was improperly induced into pleading guilty because *618 his attorney arranged for McNeal’s parents to persuade him to take the plea agreement. He also claims that he really wanted to take his case to trial. MeNeal relies on precedent stating the constitutional requirements for a valid guilty plea. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
¶ 6. A guilty plea is valid only if it is entered into “voluntarily, knowingly, and intelligently, ‘with sufficient awareness of the relevant circumstances and likely consequences.’ ” Bradshaw v. Stumpf, 545 U.S. 175, 183, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005) (quoting Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). A guilty plea is “itself a conviction,” a confession, and a stipulation that the prosecution does not need to advance evidence of guilt. Florida v. Nixon, 543 U.S. 175, 187-88, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004) (quoting Boykin, 395 U.S. at 242-43, 89 S.Ct. 1709).
¶ 7. The record reflects that MeNeal was informed of the relevant circumstances and likely consequences of entering a guilty plea. The petition to enter his plea and the plea hearing transcript evidence that MeNeal knew the elements of the crime, the minimum and maximum sentence he could receive, the constitutional rights he was waiving, and the specific acts to which he was admitting guilt. There is even evidence in the record that MeNeal knew he would have to serve each day of his sentence and had counted the days until he would be able to see his children again.
¶ 8. McNeal’s sworn representations in his plea petition and directly to the trial judge evidence that he was entering his plea freely and voluntarily, without duress or coercion. Great weight is given to these statements made under oath. Gable v. State, 748 So.2d 703, 706 (Miss.1999). This evidence is controlling because MeNeal has failed to produce any evidence to support the current allegations. Id. The trial judge was careful to ensure that MeNeal was entering a plea on his own accord, without outside influence.
¶ 9. MeNeal claims that the trial court improperly accepted his plea and sentenced him because he was on psychotic drugs. The competency standard required for a defendant to enter a guilty plea is identical to the determination that must be made for the competency of a defendant to stand trial. Magee v. State, 752 So.2d 1100, 1102 (Miss.Ct.App.1999) (citing Godinez v. Moran, 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993)). That standard mandates a defendant be a person:
(1) who is able to perceive and understand the nature of the proceedings; (2) who is able to rationally communicate with his attorney about the case; (3) who is able to recall relevant facts; (4) who is able to testify in his own defense if appropriate; and (5) whose ability to satisfy the foregoing criteria is commensurate with the severity of the case.
Martin v. State, 871 So.2d 693, 697 (Miss.2004) (citations omitted). In essence, the objective is to ensure that “the defendant has a rational understanding of the charges against him and the ability to assist his lawyer in preparing his defense.” Magee, 752 So.2d at 1102 (citing Godinez, 509 U.S. at 396, 113 S.Ct. 2680).
¶ 10. In the present case, the trial judge specifically inquired whether MeNeal was taking any medication. MeNeal responded that he had taken his prescription medication the night before including Elavil, Thorazine, and Prozac. The trial judge then continued to inquire if MeNeal was “confused” or did “not understand what [MeNeal was] doing here today.” After MeNeal assured the trial *619 judge that he understood what was going on and the purpose of his presence in court, the judge had the prosecutor read the factual basis for the crimes. The judge then asked McNeal specific questions about the incidents which McNeal was admitting took place. The trial judge accepted McNeal’s plea only after satisfying himself beyond a reasonable doubt that McNeal was “intelligent enough to understand the nature and purpose of these proceedings.” The judge further found that McNeal “understands, comprehends, and appreciates the consequences of entering his plea, that his plea of guilty has been freely, voluntarily, and intelligently made without any forces, threats, acts of fear, violence, duress, coercion or any improper inducements of any kind or nature having been placed before him.”
¶ 11. The record is void of any indication that McNeal was unaware of the circumstances and likely consequences of his guilty plea. There is nothing but McNeal’s own contradictory allegations that he did not want to enter a guilty plea on the charge. Without more, the allegations are insufficient to warrant an eviden-tiary hearing.

2. Ineffectiveness of Counsel

¶ 12. McNeal claims his counsel was ineffective for a number of reasons including: a mental evaluation was not ordered knowing that McNeal was on psychotic drugs, failure to investigate the circumstances relating to the incidents in April and October 2000, failure to interview witnesses, misstating to McNeal’s parents the sentence that he would receive, and not complying with McNeal’s desire to go to trial.
¶ 13. In support of his argument McNeal relies on caselaw stating that counsel was ineffective for failing to interview alibi witnesses, eyewitnesses, and a co-defendant. Bryant v. Scott, 28 F.3d 1411, 1418 (5th Cir.1994). He also relies on caselaw stating that counsel was ineffective where specific witnesses were not called to testify, no expert testimony was given, and counsel did not prepare a defense, pursuing a theory that the charges would be dismissed at the close of the prosecution’s case. Pavel v. Hollins, 261 F.3d 210, 217-18 (2nd Cir.2001).
¶ 14. In Pavel, the defendant was accused of sexually abusing his two children and pled not guilty. Id. at 211-12. Pavel was convicted after a bench trial. Id. His counsel believed the case was so weak that a motion to dismiss would be granted after the State presented the case against Pavel. Id. Counsel did not plan for Pavel’s defense due to his belief that the case was too weak for the State to meet the required burden. Id. The facts of failing to provide a defense are too far removed from the situation presented by McNeal of counsel failing to obtain a mental evaluation and investigate the circumstances of the incidents. In addition, although this Court holds the opinions of the United States Court of Appeals for the Second Circuit in high esteem, we are not bound to uphold its precedent.
¶ 15. In Bryant, the United States Court of Appeals for the Fifth Circuit summarized that the particular inaction falling below the required professional conduct included counsel failing to “investigate alibi witnesses and interview eyewitnesses .... ” 28 F.3d at 1419-20. That court was careful to point out, however, that this holding did not require an “interview of every claimed eyewitness, alibi witness, and/or assertedly exculpating criminal co-participant.” Id. at 1420 n. 13. The court recognized that “the need to interview an eyewitness may in part depend on, among other things, the theory of defense; similarly, results of interviewing certain *620 witnesses or other investigation may indicate that farther pursuit of additional asserted witnesses will likely be a waste of time.” Id. The deficiency in Bryant was that “defense counsel, despite knowing of Bryant’s at least colorable alibi, did essentially no pre-trial investigation.” Id. McNeal’s argument finds little help in Bi"yant because there were no alibi witnesses, and the only eyewitnesses to the actual crimes were the victims.
¶ 16. We review McNeal’s claim of ineffective assistance of counsel under a two-part inquiry of whether counsel’s performance was deficient, and whether that deficiency prejudiced McNeal. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). McNeal must show prejudice by demonstrating there is a “reasonable probability” that without counsel’s deficiency he would have received a different outcome from the trial court. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992). Mere allegations of prejudice will not suffice to meet the burden of proof on the issue of prejudice. Johnston v. State, 730 So.2d 534, 538 (Miss.1997). We will address each of McNeal’s allegations individually.
¶ 17. McNeal believes he should have been subject to a mental evaluation prior to the acceptance of his plea. Even if a mental evaluation was requested, the decision to have McNeal undergo a mental evaluation ultimately rested with the trial judge. Richardson v. State, 856 So.2d 758, 760 (Miss.Ct.App.2003) (citing Dunn v. State, 693 So.2d 1333, 1340-41 (Miss. 1997)). As we have previously discussed, the record demonstrates that the trial judge was careful to ensure McNeal knew what he was doing and the consequences of his actions. The judge stated that McNeal’s demeanor and responses to questions supported a finding that McNeal was coherent and that he intelligently entered his plea. A review of the hearing transcript supports the conclusion of the trial judge. Having already found that the judge did not abuse his discretion by not ordering a mental evaluation, we also find that counsel was not ineffective for failing to request an evaluation.
¶ 18. McNeal argues that his counsel should have interviewed witnesses and investigated statements regarding the incidents that led to his indictment. The factual basis for his plea on each charge was read aloud in his presence in court. McNeal communicated to the judge details about the October 2000 incident where he entered the home of the victim and forced her to have sex on the couch in her living room. The victim was a client of the moving company where McNeal worked and had recently moved the victim into her house. A neighbor saw McNeal approaching the victim’s house and became suspicious that he was trying to burgle the house. After a brief time, McNeal departed and the neighbor inquired if the victim was all right.
¶ 19. As for the April 2000 incident, McNeal stated that he was intoxicated but remembered meeting the victim at a trailer park pool. He then stated that he remembered going to the victim’s trailer and then speaking with the landlord later that day when the police had arrived. The factual basis presented by the State included an eyewitness who saw McNeal force his way into the victim’s trailer and DNA evidence.
¶ 20. At the hearing McNeal’s counsel stated that she “had numerous conversations with him about the discovery in all of these cases and he agrees with me that we do have reason to believe that the jury would find him guilty.” The content of the statements made by the victims and eyewitnesses were readily available to the de *621 fense and did not rise to the level of possibly providing exculpatory evidence. Given the facts of these incidents we cannot conclude that counsel was constitutionally deficient for failing to interview the two victims and witnesses that placed McNeal at the scene of the alleged crimes.
¶ 21. McNeal alleges that counsel misinformed his parents that he would earn good behavior time and spend less time in jail than the sentence he would receive. He claims that his parent’s persuasion based upon this faulty information is the reason he decided to enter a guilty plea. Of importance is that McNeal does not claim that he was unaware of the sentence he would receive, nor could he make such a claim having been informed numerous times of the possible sentence he faced. McNeal states in his brief that the reason his parents tried to persuade him to enter a guilty plea was because his mother was scared he would receive a life sentence; a possibility if McNeal was convicted by a jury. Other than his mere allegation there is no support offered for McNeal’s argument. In light of his own arguments there is no merit that his counsel was deficient here.
¶22. McNeal contends that he really wanted to take his case to trial, after representing directly to the trial judge that he understood all of the valuable rights he was waiving by entering a guilty plea, and desired to enter a guilty plea. His own argument set out above that he decided to take the plea agreement under pressure from his parents casts doubt on the veracity of this claim that he wanted to go to trial. In addition, at the plea hearing McNeal stated directly to the trial judge that he was satisfied that his counsel adequately familiarized herself with the facts and circumstances of the charges he faced. McNeal was informed that he stood before the trial court as an innocent man prior to entering his plea. A detailed explanation of his rights through the adversarial process were also explained but McNeal declined to pursue exercising those rights.
¶ 28. McNeal also briefly questions whether his counsel should have inquired whether it was proper for the trial judge to preside over the acceptance of his plea and sentencing. McNeal states that the judge was employed in the district attorney’s office at the time McNeal was charged. This argument is made for the first time in McNeal’s appellate brief. As a result, McNeal is procedurally barred from raising this argument. Pinkney v. State, 757 So.2d 297, 299 (Miss.2000); Patterson v. State, 594 So.2d 606, 609-10 (Miss.1992). Notwithstanding the procedural bar we review the record, and find that the only information available concerning this matter is the mere allegation that the trial judge worked as a district attorney and was familiar with the cases.
¶ 24. McNeal has failed to meet his burden to demonstrate constitutionally deficient performance of his counsel and that any deficiency resulted in prejudice. The record clearly demonstrates that McNeal repeatedly pursued the path of entering a guilty plea and never once even hinted that he was unsatisfied with the performance of his counsel or that he desired a trial. Had McNeal gone to trial he faced the possibility of three life sentences. The record reflects that he is only serving twelve years in prison, due in part to the efforts of his counsel. Having produced no evidence to support his claims other than his questionable allegations, the decision of the trial court to dismiss the motion for post-conviction relief is affirmed.
¶ 25. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DISMISSING THE MOTION *622 FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF TUTS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.