LEE, P.J.,
 

 for the Court:
 

 PROCEDURAL HISTORY
 

 ¶ 1. A jury in the Montgomery County Circuit Court found John Forrest guilty of
 
 *1195
 
 Count I, aggravated assault, and Count II, possession of a weapon by a convicted felon. On Count I, Forrest was sentenced to twenty years in the custody of the Mississippi Department of Corrections. On Count II, Forrest was sentenced to ten years in the custody of the MDOC. Forrest was sentenced as a habitual offender for Counts I and II, and the sentence in Count II was ordered to run consecutively to the sentence imposed in Count I. Forrest filed post-trial motions, which were subsequently denied.
 

 ¶ 2. Forrest now appeals, asserting the following issues: (1) the trial court erred in not ordering a competency hearing sua sponte, and (2) he was denied effective assistance of counsel. Finding no error, we affirm.
 

 FACTS
 

 ¶ 3. During the early morning hours of August 6, 2009, in Winona, Mississippi, Betty Jean Hardwick arrived home from work. Hardwick saw Forrest sitting on her porch. Hardwick and Forrest had recently ended a romantic relationship. Hardwick had seen Forrest the afternoon before, and she testified that he was acting normal. Hardwick testified that, as she was exiting her car, Forrest approached her while pointing a shotgun. Hardwick asked Forrest what he was doing with the shotgun. Forrest responded, “Goodbye,” and shot Hardwick. Forrest then left the scene. Hardwick was shot in the shoulder and hand.
 

 ¶ 4. Valerie, Hardwick’s daughter, lived with Hardwick at the time of the shooting. Valerie saw Forrest at Hardwick’s house the afternoon prior to the shooting carrying a long gun with a wooden handle. Valerie testified that Forrest went out on the porch and fired the weapon. Valerie stated that Forrest had been drinking alcohol. Valerie was inside the house at the time of the shooting and heard Forrest yell, “Goodbye, Betty” followed by the sound of a gunshot.
 

 ¶ 5. James Eskridge, Forrest’s son, lived near Hardwick. Eskridge testified that Forrest came to see him on the morning of the shooting and told him he had shot Hardwick. Eskridge told Forrest to leave. Eskridge then saw Forrest squat near the fence in Eskridge’s backyard. Policemen from the Winona Police Department later found a shotgun buried in that spot. Esk-ridge testified that Forrest had been drinking alcohol.
 

 ¶ 6. Captain Tommy Bibbs, with the Wi-nona Police Department, responded to the scene and eventually found Forrest at the home of Andrew Ratliff. Captain Bibbs testified that Forrest was drinking alcohol and had blood on one of his hands.
 

 DISCUSSION
 

 I. COMPETENCY ISSUE
 

 ¶ 7. In his first issue on appeal, Forrest argues that the trial court should have ordered a competency hearing sua sponte. According to Rule 9.06 of the Uniform Rules of Circuit and County Court:
 

 If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination by some competent psychiatrist selected by the court in accordance with § 99-13-11 of the Mississippi Code Annotated of 1972.
 

 After the examination the court shall conduct a hearing to determine if the defendant is competent to stand trial.
 

 It is within the trial court’s discretion to determine what constitutes reasonable
 
 *1196
 
 grounds.
 
 Richardson v. State,
 
 722 So.2d 481, 486 (¶ 24) (Miss.1998). In
 
 Richardson,
 
 the Mississippi Supreme Court followed the Fifth Circuit Court of Appeals’ test for reviewing a trial court’s failure to inquire into a defendant’s competence, which states: “[D]id the trial judge receive information which, objectively considered, should reasonably have raised a doubt about defendant’s competency and alerted him to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense?”
 
 Lokos v. Capps,
 
 625 F.2d 1258, 1261 (5th Cir.1980);
 
 Richardson,
 
 722 So.2d at 486 (¶ 24). The United States Supreme Court instructed that “evidence of a defendant’s irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required.”
 
 Drope v. Missouri,
 
 420 U.S. 162, 180, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).
 

 ¶ 8. Upon review of the record, there is nothing that would lead this Court to conclude that Forrest did not understand the proceedings against him or appreciate their significance. Forrest admitted he was drunk on the night of the shooting and denied his culpability, but Forrest’s theory of defense was that he had accidentally shot Hardwick. Although some of Forrest’s testimony was at odds with his trial counsel’s theory of the case, we do not find this constitutes a “reasonable ground” to substantiate Forrest’s incompetency claims. Furthermore, there was no evidence that Forrest had any relevant medical problems that would have affected his ability to stand trial. This issue is without merit.
 

 II. INEFFECTIVE ASSISTANCE OF COUNSEL
 

 ¶ 9. In his other issue on appeal, Forrest argues that his trial counsel was ineffective. To prove ineffective assistance of counsel, Forrest must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under
 
 Strickland,
 
 there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance.
 
 Id.
 
 at 689, 104 S.Ct. 2052. Forrest must overcome the presumption that, under the circumstances, the conduct in question might be trial strategy.
 
 Burns v. State,
 
 813 So.2d 668, 673 (¶14) (Miss. 2001). To overcome this presumption, Forrest “must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Strickland,
 
 466 U.S. at 694, 104 S.Ct. 2052.
 

 ¶ 10. Furthermore, the merits of an ineffective-assistance-of-counsel claim on direct appeal should be addressed only when: “(1) the record affirmatively show[s] ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.”
 
 Colenburg v. State,
 
 735 So.2d 1099, 1101 (¶ 5) (Miss.Ct.App.1999). If the judgment is affirmed and we do not conclude that Forrest’s trial counsel was constitutionally ineffective, we will affirm “without prejudice to the defendant’s right to raise the ineffective assistance of counsel issue via appropriate post-conviction proceedings.”
 
 Id.
 
 Review on direct appeal of an ineffective-assistance-of-counsel claim is confined strictly to the record.
 
 Id.
 
 at 1102 (¶ 6).
 

 ¶ 11. After his attorney stated during opening arguments that Forrest had shot Hardwick accidentally, Forrest later denied culpability during his testimony.
 
 *1197
 
 During closing arguments, Forrest’s trial counsel noted Forrest’s decision to deny guilt, but he stated that Forrest was drinking alcohol that night and could not remember what had happened. Upon our review of the record, we can safely say that there is no evidence of “ineffectiveness of constitutional dimensions.” As such, we deny Forrest’s ineffective-assistance-of-counsel claim without prejudice to his right to raise the issue via appropriate post-conviction proceedings if he so chooses.
 

 ¶ 12. THE JUDGMENT OF THE MONTGOMERY COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, AGGRAVATED ASSAULT, AND SENTENCE OF TWENTY YEARS; AND COUNT II, POSSESSION OF A FIREARM BY A CONVICTED FELON, AND SENTENCE OF TEN YEARS, ALL AS A HABITUAL OFFENDER, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, WITH THE SENTENCE IMPOSED IN COUNT II TO RUN CONSECUTIVELY TO THE SENTENCE IMPOSED IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.