CARLTON, J.,
 

 for the Court:
 

 ¶ 1. Alisha Vanwey
 
 [1]
 
 appeals two orders of the Circuit Court of DeSoto County, Mississippi denying her motions for post-conviction relief. Vanwey raises the following issues as error: (1) the trial court erred in failing, on its own motion or upon motion of her attorneys, to order Vanwey to submit to a mental evaluation, and a hearing thereon, prior to entry of her guilty plea; and (2) she was denied effective assistance of counsel. Finding no er
 
 *1135
 
 ror, we affirm the judgment of the trial court.
 

 FACTS
 

 ¶ 2. In February 2007, the State indicted Vanwey as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007) for one count of the sale of a Schedule IV controlled substance, alprazo-lam.
 
 [2]
 
 In March 2007, the State indicted Vanwey as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 for four counts of the sale of a Schedule II controlled substance, hydrocodone, within 1,500 feet of a park, and for one count of conspiracy to sell a controlled substance.
 
 [3]
 
 On May 29, 2007, Vanwey, with assistance of counsel, then entered a plea of guilty with the trial court to the charge in CR-2007-222CD and pleas of guilty to three counts of sale of a controlled substance within 1,500 feet of a park as a habitual offender in CR-2007325CD.
 
 [4]
 

 ¶ 3. However, on August 15, 2007, Van-wey, through new counsel, filed motions to set aside her guilty pleas for further investigation regarding her mental condition. The trial court heard the motions on August 15, 2007, and on September 5, 2007, after which the court denied the motions to withdraw her guilty pleas. After conducting a sentencing hearing, the trial court remanded two of the counts in CR2007-325CD and sentenced Vanwey in each of the remaining counts in CR2007-325CD to eleven years to serve in the Mississippi Department of Corrections as a habitual offender with each count to run concurrently. In addition, the trial court sentenced Vanwey in CR2007-222CD to ten years of post-release supervision to run consecutively to the sentence in CR2007-325CD. The trial court then ordered Van-wey to complete the long-term drug and alcohol program and to receive treatment for her bipolar disorder. By counsel, Van-wey filed identical motions for post-conviction relief regarding the convictions and sentences in both criminal causes. The trial court then held an evidentiary hearing. At the hearing, no live witnesses testified, but Vanwey submitted numerous exhibits. The trial court entered similar orders in both criminal causes denying the motions for post-conviction relief. Aggrieved, Vanwey appeals.
 
 [5]
 

 STANDARD OF REVIEW
 

 ¶ 4. In reviewing the decision of a trial court to deny a motion for post-conviction relief, this Court will not reverse a trial court’s factual findings absent a finding that they are “clearly erroneous.”
 
 Hooks v. State,
 
 22 So.3d 382, 384 (¶ 8) (Miss.Ct.App.2009) (citing
 
 Moore v. State,
 
 986 So.2d 928, 932 (¶ 13) (Miss.2008)). However, if questions of law arise, the standard of review utilized by the Court is de novo.
 
 Id.
 

 DISCUSSION
 

 I. MENTAL EVALUATION A. Competency
 

 ¶ 5. In her first issue on appeal, Vanwey argues that the trial court erred in failing to order a mental evaluation and a competency hearing on her prior to her guilty-plea hearing. In response, the
 
 *1136
 
 State argues that no reasonable ground existed to believe that Vanwey lacked competency to enter a guilty plea; thus, the trial court properly did not order Vanwey to submit to a mental examination.
 

 ¶ 6. The movant bears the burden of proof to demonstrate by substantial evidence that the defendant is mentally incompetent to stand trial.
 
 Jones v. State,
 
 976 So.2d 407, 412 (1113) (Miss.Ct.App.2008) (quoting
 
 Richardson v. State,
 
 767 So.2d 195, 203 (¶ 41) (Miss.2000)). In this case, the record fails to reflect sufficient evidence to meet this burden of proof to show that Vanwey lacked competency to enter her guilty pleas. We acknowledge that Uniform Rule of Circuit and County Court 9.06 provides guidance as to when a trial court must require the defendant to undergo a mental evaluation prior to standing trial or entering a guilty plea.
 
 See Smith v. State,
 
 831 So.2d 590, 593 (¶ 11) (Miss.Ct.App.2002) (finding that Rule 9.06 applies to a defendant’s entry of a guilty plea). Rule 9.06 states in pertinent part:
 

 If before or during trial the court, of its own motion or upon motion of an attorney, has
 
 reasonable ground
 
 to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination by some competent psychiatrist selected by the court in accordance with § 99-13-11 of the Mississippi Code Annotated of 1972.
 

 After the examination^) the court shall conduct a hearing to determine if the defendant is competent to stand trial. After hearing all the evidence, the court shall weigh the evidence and make a determination of whether the defendant is competent to stand trial.
 

 (Emphasis added). The key consideration when determining if a competency hearing is required is whether the court has a reasonable ground to believe that the defendant is incompetent to stand trial.
 
 See
 
 URCCC 9.06. What constitutes a “reasonable ground” falls within the discretion of the trial court.
 
 Richardson v. State,
 
 722 So.2d 481, 486 (¶24) (Miss.1998). “[T]he [trial] judge sees the evidence first hand and observes the demeanor and behavior of the defendant.”
 
 Id.
 
 This Court has previously described the level of competency required for a defendant to enter a guilty plea by stating the following:
 

 The competency standard required for a defendant to enter a guilty plea is identical to the determination that must be made for the competency of a defendant to stand trial.
 
 Magee v. State,
 
 752 So.2d 1100, 1102 (Miss.Ct.App.1999) (citing
 
 Godinez v. Moran,
 
 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993)). That standard mandates a defendant be a person:
 

 (1) who is able to perceive and understand the nature of the proceedings; (2) who is able to rationally communicate with his attorney about the case; (3) who is able to recall relevant facts; (4) who is able to testify in his own defense if appropriate; and (5) whose ability to satisfy the foregoing criteria is commensurate with the severity of the case.
 

 Martin v. State,
 
 871 So.2d 693, 697 (Miss.2004) (citations omitted). In essence, the objective is to ensure that “the defendant has a rational understanding of the charges against him and the ability to assist his lawyer in preparing his defense.”
 
 Magee,
 
 752 So.2d at 1102 (citing
 
 Godinez,
 
 509 U.S. at 396, 113 S.Ct. 2680).
 

 McNeal v. State,
 
 951 So.2d 615, 618 (¶ 9) (Miss.Ct.App.2007).
 

 ¶ 7. Upon review of the record, this Court finds no abuse of discretion in the trial court’s finding that no evidence exist
 
 *1137
 
 ed showing that Vanwey lacked the competency required to enter a guilty plea. We further acknowledge the following: Van-wey represented to the trial court in her sworn petitions to enter a plea of guilty that she was mentally competent to make the plea petitions; Vanwey’s lawyer fully advised her of the nature of the charges brought against her and any possible defenses available to her; Vanwey suffered from no mental disease or disorder rendering her “M’Naghten” insane; and Vanwey was free from the influence of drugs or alcohol.
 
 [6]
 

 ¶8. The record shows that the trial court conducted a hearing on the guilty pleas and observed Vanwey’s capacity upon entry of her pleas. Shortly after entering her guilty pleas, Vanwey filed motions to set aside the plea petitions contending that she suffered from mental health problems and that she presented false information to the court at her plea hearing regarding her mental history. In addition to observing and addressing Van-wey’s competency at the time she entered her guilty pleas, the trial court also addressed Vanwey’s competency a second time at the hearings on the motions to set aside the plea petitions. The trial court once again found that Vanwey was competent on the day of the plea hearing; thus, she was competent to enter her pleas of guilty. The trial court considered Van-wey’s competency a third time at the evi-dentiary hearing on the motions for post-conviction relief. At the evidentiary hearing, Vanwey submitted the following exhibits for the trial court’s review: the transcripts of the plea hearings, the motions to set aside plea hearings and the sentencing hearing that included Vanwey’s testimony,
 
 [7]
 
 the sentencing order, medical records from Communicare,
 
 [8]
 
 letters and documentation from her attorney, the deposition transcript of Dr. Jorge Leal,
 
 [9]
 
 and case law. After reviewing the evidence, the trial court again found that Vanwey had failed to present evidence to rebut the court’s previous decision finding Vanwey competent to enter her guilty pleas.
 

 ¶ 9. The trial court recognized that the record showed no proof that Vanwey was unaware of the charges against her, the meaning and effect of her guilty pleas, or the consequences of her guilty pleas. In addition, Vanwey presented no evidence to demonstrate her lack of ability to aid her lawyer in preparing her defense. Accordingly, we find no error in the lack of a request for a court-ordered mental evaluation by Vanwey’s counsel and, likewise, no error in the court’s refusal to order such an examination. We find no abuse of discretion in the trial court’s determination that no “reasonable ground” existed to support Vanwey’s alleged incompetency to enter her guilty pleas; therefore, we find
 
 *1138
 
 no abuse of discretion. As such, we find this issue is without merit.
 

 B. Voluntariness
 

 ¶ 10. While addressed in Vanwey’s motions for post-conviction relief and in the State’s appellate brief, Vanwey fails, on appeal, to raise the issue of the volun-tariness of her guilty pleas. As such, we find this issue is procedurally barred.
 
 See Tanner v. State,
 
 20 So.3d 764, 768 (¶ 19) (Miss.Ct.App.2009) (citing
 
 Sanders v. State,
 
 678 So.2d 663, 669-70 (Miss.1996)).
 

 C. M’Naghten Rule
 

 ¶ 11. On appeal, Vanwey alleges that the trial court erred by failing to require her to submit to a mental evaluation to determine if she was qualified to be tried under the M’Naghten Rule. Upon review of the record, we find no evidence raising inquiry as to Vanwey’s legal sanity at the time of the offense. Instead, the record contains evidence to the contrary showing that Vanwey fully understood her actions at the time of her offenses.
 
 [10]
 
 Therefore, we find this issue lacks merit.
 

 II. INEFFECTIVE ASSISTANCE OF COUNSEL
 

 ¶ 12. In her second issue on appeal, Vanwey argues that she received ineffective assistance of counsel at the trial level due to her counsel’s failure to request a mental evaluation to be performed on Vanwey prior to the entry of her guilty pleas.
 

 ¶ 13. To prove ineffective assistance of counsel, one must demonstrate that: (1) his counsel’s performance was deficient, and (2) that the alleged deficiency prejudiced his Sixth Amendment right to a fair trial.
 
 Forrest v. State,
 
 47 So.3d 1194, 1196 (¶ 9) (Miss.Ct.App.2010) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “In the case of a guilty plea, the second prong of prejudice is shown by proving that the ineffective assistance of counsel affected the outcome of the plea process.”
 
 Wilson v. State,
 
 21 So.3d 572, 578 (¶ 16) (Miss.2009) (citing
 
 Hill v. Lockhart,
 
 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). A strong presumption exists that counsel’s performance “falls within the wide range of reasonable professional assistance.”
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052.
 

 ¶ 14. In the present case, Vanwey failed to meet her burden as set out in
 
 Strickland.
 
 Vanwey provided no evidence that her counsel’s performance was deficient; therefore, Vanwey failed to meet the first prong of
 
 Strickland,
 
 which requires proof of deficient performance of counsel. In Vanwey’s petitions to enter her guilty pleas, she indicated that her lawyer “is competent and has done all that anyone could do to counsel and assist me, and I am fully satisfied with the advice and help he has given me.” Moreover, Vanwey failed to prove any alleged deficiency of counsel that prejudiced her defense. While Vanwey contends that her defense counsel had an obligation to request that Vanwey undergo a mental evaluation prior
 
 *1139
 
 to the time that she entered her guilty pleas, we recognize that even if her counsel had requested a mental evaluation, the ultimate decision, as to whether defendants must undergo mental evaluations, rests with the trial court.
 
 See McNeal,
 
 951 So.2d at 620 (¶ 17) (citing
 
 Richardson v. State,
 
 856 So.2d 758, 760 (Miss.Ct.App.2003)). Because the trial court found that Vanwey presented no evidence to support approval by the trial court of a defense request for a mental evaluation, we find that Vanwey failed to present sufficient evidence that the outcome of the case would have been different had her defense counsel requested a mental evaluation pri- or to the entry of her guilty pleas.
 
 See Richardson v. State,
 
 769 So.2d 230, 235 (¶ 12) (Miss.Ct.App.2000). Any such request would have lacked the evidentiary support required for its approval by the trial court. As such, this issue is without merit.
 

 ¶ 15. THE JUDGMENTS OF THE CIRCUIT COURT OF DESOTO COUNTY DENYING THE MOTIONS FOR POST-CONVICTION RELIEF ARE AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Throughout the record Vanwey's first name is alternately spelled Alisha and Alicia. For consistency, we will use Alisha.
 

 [2]
 

 . Cause No. CR-2007-222CD in the Circuit Court of DeSoto County, Mississippi.
 

 [3]
 

 . Cause No. CR-2007-325CD in the Circuit Court of DeSoto County, Mississippi.
 

 [4]
 

 . Vanwey’s guilty-plea petition reflects an agreement with the State to a fifteen year sentence in exchange for her plea of guilty.
 

 [5]
 

 . This Court consolidated the cases for purposes of appeal.
 

 [6]
 

 . "The plea petition [is] not an oral statement in open court, but it [is] a sworn document presumptively prepared with an appreciation of its fateful consequences. The plea petition, similarly to statements in open court, may be used to discredit post-plea allegations.”
 
 Ward v. State,
 
 879 So.2d 452, 455 (¶ 11) (Miss.Ct.App.2003);
 
 see Madden v. State,
 
 991 So.2d 1231, 1235 (¶ 13) (Miss.Ct.App.2008).
 

 [7]
 

 . Vanwey possessed the capacity to testify at her sentencing hearing, and Vanwey admitted in her testimony at the sentencing hearing that she understood that her actions of selling drugs violated the law. The sentencing-hearing transcript also contains Vanwey’s own testimony wherein she admitted selling the drugs for income.
 

 [8]
 

 . Vanwey received treatment from Communi-care Clinical Director, Gloria Roberts, and Dr. Jorge Leal, a psychiatrist associated with Communicare.
 

 [9]
 

 . Dr. Leal testified in his deposition that, in his opinion, Vanwey understood the nature of her actions.
 

 [10]
 

 . Vanwey admitted at her sentencing hearing that she sold the pills for income and indicated that she understood her actions at the time of the offense. Roberts also testified at the sentencing hearing that Vanwey had confessed to her the charges against her and that they "always discussfed] [the] consequences and what those possible consequences could be and right and wrong.” In addition, when questioned in his deposition as to whether he thought Vanwey knew the difference between right and wrong, Dr. Leal indicated that he thought Vanwey knew right from wrong unless she was undergoing a manic episode, in which case it is mere speculation on his part as to whether she knew right from wrong.