SOUTHWICK, P.J.,
for the court.
¶ 1. James William Smith entered a guilty plea to a charge of sexual battery. One year later, Smith petitioned for post-conviction relief. The relief was denied. On appeal, Smith argues that his plea was entered involuntarily, that he received ineffective assistance of counsel, and that the circuit court erred in failing to hold a competency hearing. We find no error and affirm.
*592 FACTS
¶ 2. In May 2000, Smith was indicted for kidnapping, robbery, and sexual battery as an habitual offender. Counsel from the public defender’s office represented him. Smith agreed to a guilty plea for the sexual battery charge. The court held a hearing in which the trial judge questioned Smith before accepting his plea. In his subsequent post-conviction relief petition, Smith alleged that the trial judge failed to inquire sufficiently into the nature and effect of the dosage of anti-psychotic medication that he was on at the time of the hearing. Smith further alleged that neither his counsel nor the court adequately investigated Smith’s history of mental illness. After the trial court denied relief without a hearing, Smith appealed.
DISCUSSION

1. Voluntariness of plea

¶ 3. Smith argues that his guilty plea was involuntarily and unintelligently entered. A court rule sets out the obligations for taking a plea. “Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea.” URCCC 8.04. Before a plea can be found to have been voluntary and intelligent, a defendant must have been “advised about the nature of the crime charged against him and the consequences of his guilty plea.” Banana v. State, 635 So.2d 851, 854 (Miss.1994). The defendant must be deemed competent, and must be informed of his waiver of the constitutional right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992).
¶ 4. The record reveals a careful process by the lower court before accepting Smith’s plea. Smith’s argument disputes only the requirement that he be competent at the plea hearing. We address that issue under his argument that he should have been given a competency hearing.

2. Ineffective assistance of counsel

¶ 5. Smith states that his attorney met with him only twice and briefly prior to the entry of his guilty plea. He alleges that his counsel did not investigate, particularly his mental history. As a result, Smith was coerced into pleading guilty despite being on anti-psychotic medication. To prove ineffective assistance of counsel, a defendant must show a deficiency in his attorney’s performance and that this prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 6. Smith’s evidence on this allegation is an October 1999 report of a psychiatric evaluation conducted in Memphis. This was about six months prior to the offense and ten months prior to the guilty plea. The report by a medical doctor indicated that Smith suffered from schizophrenia. He had run out of medication and this had led to the need for hospitalization.
¶ 7. The issue of Smith’s mental state was raised during his guilty plea. Whether it was properly considered will be discussed in the issue regarding a competency hearing.
¶ 8. Smith alleges that his counsel devoted insufficient time to investigate his case. A prisoner’s allegations that his trial counsel “failed to make pretrial investigation and spend more time with him, are insufficient as a matter of law” absent a showing that the attorney’s alleged errors resulted in a guilty plea. Harveston v. State, 597 So.2d 641, 642 (Miss.1992). Smith offers no proof of what would have occurred differently had more time been spent on the case.
*593 ¶ 9. Finally, Smith’s contention of coercion is unsubstantiated. There is no affidavit or other information about how he was coerced. The fact that Smith received a twenty-five year sentence, with ten years suspended, when as a habitual offender he faced the possibility of a life sentence, reinforces the presumption that trial counsel was competent. Handley v. State, 574 So.2d 671, 684 (Miss.1990). We find nothing to support ineffective assistance of counsel.

3. Sua sponte competency hearing

¶ 10. A competency hearing should be ordered by a trial judge in certain circumstances:
If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination .... After the examination the court shall conduct a hearing to determine if the defendant is competent to stand trial....
URCCC 9.06 (1995).
¶ 11. Though geared towards competency to stand trial, Rule 9.06 may be applied to a defendant’s entry of a guilty plea. “The standard of competency necessary to enter a plea of guilty is the same as that for determining competency to stand trial.” Page v. State, 812 So.2d 1039, 1041(¶ 6) (Miss.Ct.App.2001). The key phrase in assessing a trial court’s responsibility to order a competency hearing is that a “reasonable ground” exist.
The determination of what is “reasonable” rests largely within the discretion of the trial judge because the judge sees the evidence first hand and observes the demeanor and behavior of the defendant. Conner v. State, 632 So.2d 1239, 1248 (Miss.1993). The Fifth Circuit Court of Appeals suggested the following test for reviewing a decision to fore-go a competency hearing: did the trial judge receive information which, objectively considered, should reasonably have raised a doubt about the defendant’s competence and alerted him to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense? Lokos v. Capps, 625 F.2d 1258, 1261 (5th Cir.1980).
Richardson v. State, 722 So.2d 481, 486 (¶ 24) (Miss.1998).
¶ 12. Here, the following exchange occurred between the trial judge and the defendant:
By the Court: In other words this drug that you’re telling me you’re taking here now do you understand what you are doing here now?
Defendant: Yes, sir.
Q. Now do you have anything wrong with you. You mentioned this drug it’s some form of psychiatric or whatever type drug. Do you consider that to be a mental disorder to the extent that you don’t understand what you are doing?
A. No, sir.
[[Image here]]
Q. Okay. Now, I want to go back in just a minute and talk about this medication that you are on and the reason that you have for being on it and I want to be sure that you understand that; do you understand the circumstances you are in as far as these proceedings that we are going through?
A. Yes, sir.
Q. You feel like you understand them?
A. Yes, sir.
[[Image here]]
*594 Q. Now, do you have any questions at this time ... concerning the proceedings that we are going through here at this time?
A. No, sir.
[[Image here]]
Q. Yes, sir. What are you pleading guilty to?
A. I was picked up ... and -I had her take me home and I was drinking alcohol on top of medication that I was taking and I don’t know what come over me. I’m guilty all the way.
[[Image here]]
Q. All right. The Court is of the opinion that this defendant is aware of his circumstances; that he is aware of the consequences of entering a plea of guilty. The Court is of the further opinion that he has freely and voluntarily offered his plea of guilty. He has done so knowingly. It’s the court’s observation of the defendant as he stands before the bench that he is not under any legal disability. Doesn’t suffer any legal limitation. He is capable and competent. The Court having had an opportunity to voir dire the defendant, the Court has been advised by the defendant that he is on some form of medication for some form of psychotic condition. He is under or he has been prescribed medication for. It’s the court’s opinion that this defendant is very much aware of what he is doing. He is aware of his circumstances, aware of the consequences. He is not under any legal disability. Doesn’t suffer any legal limitation. This- court’s opinion that this defendant is very capable, competent and the court is going to accept his plea of guilty ....
¶ 13. This fact-finding made at the time of the guilty plea will be upheld unless it is clearly erroneous based on the evidence before the court. House v. State, 754 So.2d 1147, 1152 (¶ 22) (Miss.1999). In House, as here, the defendant offered no evidence at the plea hearing to demonstrate his incompetence. The judge questioned Smith repeatedly regarding his understanding of the circumstances of the charged crime and the effects of Smith’s medication. In his post-conviction motion, Smith attached a psychiatric record. We do not find enough evidence to suggest that Smith, if he was on his medication as he claims he was, would be incompetent.
¶ 14. We find no justification from the psychiatric evaluation report attached to the post-conviction motion for the matter again to be investigated. That evaluation indicated that Smith had mental problems that required a maintenance program of anti-psychotic drugs. Whether Smith was taking his medication and was competent at the time of the guilty plea had already been investigated. Without more, there was no reason for the trial judge to reopen the issue.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO LAFAYETTE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR.