# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00382-COA

JOSHUA WILLIAMS A/K/A JOSHUA DEVON        APPELLANT
WILLIAMS A/K/A JOSHUA D. WILLIAMS
A/K/A JOSH WILLIAMS

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/08/2015 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | JEFFERSON DAVIS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOSHUA WILLIAMS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT'S PETITION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/28/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### EN BANC.

### CARLTON, J., FOR THE COURT:

¶1. Joshua Williams appeals the Jefferson Davis County Circuit Court's denial of his petition for postconviction relief (PCR). On appeal, Williams asserts the following issues: (1) whether he was competent to enter valid guilty pleas; (2) whether he was denied effective assistance of counsel; and (3) whether he was unlawfully convicted of manslaughter. Finding no error, we affirm.

### FACTS

¶2.     On March 14, 2012, a Jefferson Davis County grand jury indicted Williams and his two co-indictees for one count of capital murder. *See* Miss. Code Ann. § 97-3-19(2)(e) (Rev. 2006). At the plea hearing on July 23, 2013, the State moved to reduce Williams's capital-murder charge to manslaughter and armed robbery. *See* Miss. Code Ann. § 97-3-35 (Rev. 2006); Miss. Code Ann. § 97-3-79 (Rev. 2006). Following a plea colloquy at the July 23, 2013 hearing, the circuit court accepted Williams's guilty pleas to the armed-robbery and manslaughter charges. The circuit court subsequently sentenced Williams to twenty years for the manslaughter conviction and a consecutive ten-year term for the armed-robbery conviction, with both sentences to be served in the custody of the Mississippi Department of Corrections.

¶3.     Williams filed an unsuccessful motion to reconsider his sentences. He then filed a PCR petition and an amendment of his PCR claims, in which he asserted several additional assignments of error. After reviewing Williams's PCR petition, as well as "all files, records, transcripts, and correspondence pertaining to the judgment under attack[,]" the circuit court filed an order on July 14, 2015, denying Williams's PCR petition and finding no merit to each of his asserted claims. Aggrieved by the circuit court's judgment, Williams appeals.[1]

## STANDARD OF REVIEW

¶4.     "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous;

---

[1] After finding that Williams failed to timely receive a copy of the order denying his PCR petition, the circuit court granted Williams's motion for permission to file an out-of-time appeal.

however, we review the circuit court's legal conclusions under a de novo standard of review." *Boyd v. State*, 65 So. 3d 358, 360 (¶10) (Miss. Ct. App. 2011).

## DISCUSSION

### I. Whether Williams was competent to enter valid guilty pleas.

¶5. Williams asserts that the circuit court erred by not conducting a hearing to determine whether he was competent at the time he entered his guilty pleas. He further claims that, due to a history of mental-health issues, his guilty pleas were not entered voluntarily, knowingly, and intelligently.

### A. Competency

¶6. Under certain circumstances, a trial court should order a competency hearing:

> If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination by some competent psychiatrist selected by the court . . . .

> After the examination[,] the court shall conduct a hearing to determine if the defendant is competent to stand trial. After hearing all the evidence, the court shall weigh the evidence and make a determination of whether the defendant is competent to stand trial. If the court finds that the defendant is competent to stand trial, then the court shall make the finding a matter of record[,] and the case will then proceed to trial.

URCCC 9.06.

¶7. This Court has previously explained:

> Though geared toward[] competency to stand trial, Rule 9.06 may be applied to a defendant's entry of a guilty plea. The standard of competency necessary to enter a plea of guilty is the same as that for determining competency to stand trial. The key phrase in assessing a trial court's responsibility to order a competency hearing is that a reasonable ground exist.

> The determination of what is reasonable rests largely within the discretion of the trial judge because the judge sees the evidence first hand and observes the demeanor and behavior of the defendant. The Fifth Circuit Court of Appeals suggested the following test for reviewing a decision to forego a competency hearing: did the trial judge receive information which, objectively considered, should reasonably have raised a doubt about the defendant's competence and alerted him to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense?

*Smith v. State*, 831 So. 2d 590, 593 (¶11) (Miss. Ct. App. 2002) (internal citations and quotation marks omitted). We uphold the factual findings a trial court makes at the time a defendant enters his guilty plea unless the court's findings are clearly erroneous. *Id.* at 594 (¶13).

¶8. During his plea hearing, Williams offered no evidence to show he was incompetent to enter his guilty pleas. Instead, when the circuit court asked whether he was under the influence of drugs or alcohol, or whether he had any emotional or physical problems that would prevent him from participating in the hearing, Williams answered negatively while under oath. In addition, the record reflects that the circuit court repeatedly asked questions to determine whether Williams understood the consequences of pleading guilty to the crimes charged and whether Williams was doing so voluntarily, knowingly, and intelligently. The record also reflects that, by signing his plea petition, Williams acknowledged under oath that his physical health and mental health were "presently satisfactory" and that he was "not under the influence of any drugs or intoxicants." Furthermore, along with Williams's plea petition, Williams's attorney submitted a signed certificate stating that, after fully discussing

4

the case with Williams, she was satisfied that Williams was competent and had no condition that affected his ability to understand the guilty-plea proceedings.

¶9.     As an exhibit to his PCR petition, Williams attached a copy of medical records from 2004, which indicated that Williams had received treatment when he was fifteen years old for mental-health problems.[2]  However, nothing in the attached medical records from 2004 indicated that Williams lacked the competency at the time of his plea hearing years later on July 23, 2013, to enter valid guilty pleas.[3]  Furthermore, as previously discussed, the record as a whole fails to show that Williams ever raised the issue of his competency with the circuit court or presented any evidence to the circuit court to demonstrate incompetence.  As the movant, Williams bore the burden of proof to show that he lacked the competency to enter his guilty pleas.  *See Vanwey v. State*, 55 So. 3d 1133, 1136 (¶6) (Miss. Ct. App. 2011).  Because Williams failed to meet his burden of proof, we find no support for Williams's claim that the circuit court erred by failing to sua sponte order a competency hearing.  *See id.*;

---

[2] According to the medical records, information at the time of Williams's hospital admission revealed that he had experienced auditory hallucinations and paranoia, suicidal thoughts, social withdrawal, sadness, irritability, a decrease in self-esteem, and a past history of trying to harm himself and others.  At the time of discharge, the psychiatrist evaluating Williams diagnosed him with schizoaffective disorder (depressed type) and conduct disorder and determined that Williams had severe psychological stressors in his life.  The psychiatrist recommended that Williams receive follow-up care, including psychiatric management, case management, and individual and group therapy.  The psychiatrist also noted that, at the time of his discharge, Williams was "without plans of harming himself or others or features of psychosis."  With continued outpatient care and therapy, the psychiatrist determined Williams's prognosis to be fair.

[3] *See Smith*, 831 So. 2d at 594 (¶¶13-14) (finding that, although the defendant had a history of mental-health problems and took antipsychotic medication, he failed to offer sufficient evidence to demonstrate he lacked competency at the time of the plea hearing).

*Smith*, 831 So. 2d at 594 (¶¶13-14). Accordingly, this argument lacks merit.

### B. Voluntariness of the Pleas

¶10. We likewise find no merit to Williams's assertion that his pleas were not voluntary, knowing, and intelligent. Our caselaw clearly establishes that Williams bore "the burden of proving by a preponderance of [the] evidence that [his] guilty plea[s] [were] involuntary." *Timmons v. State*, 176 So. 3d 168, 171-72 (¶9) (Miss. Ct. App. 2015) (citations omitted). "A plea is considered voluntary when the defendant knows what the elements are of the charge against him[,] including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea." *Montalto v. State*, 119 So. 3d 1087, 1095 (¶18) (Miss. Ct. App. 2013) (citation omitted).

¶11. Williams claims on appeal that his prior mental-health issues rendered his guilty pleas involuntary. However, the plea-hearing transcript reflects Williams's statements under oath in open court that he voluntarily wished to change his pleas to guilty; he understood the consequences of waiving his constitutional rights and pleading guilty; he was not presently under the influence of drugs or alcohol; and he had no emotional or physical problems that would prevent him from participating in the hearing. *See id.* at 1096 (¶18) (recognizing that statements made under oath in open court carry a strong presumption of truthfulness). In addition, Williams acknowledged during the plea hearing that he had not been coerced, threatened, or promised anything to induce him to change his pleas; he had fully discussed with his attorney the charges he faced; and he understood the minimum and maximum sentences associated with the charges against him.

¶12.    Moreover, the medical records that Williams provides from 2004 fail to present evidence to impact Williams's competency at his plea hearing in 2013 or his ability in 2013 to enter voluntary, knowing, and intelligent guilty pleas. As already discussed, the movant bears the burden of proof to demonstrate the defendant's lack of competency. *Vanwey*, 55 So. 3d at 1136 (¶6). In the present case, Williams failed to meet his burden.

¶13.    Thus, based on our review of the record and applicable caselaw, we find no support for Williams's assertion that his guilty pleas were not entered voluntarily, knowingly, and intelligently. We therefore find that this assignment of error lacks merit.

## II.    Whether Williams was denied effective assistance of counsel.

¶14.    Williams contends that he received ineffective assistance of counsel because his attorney failed to (1) investigate his competency to enter his guilty pleas and (2) interview crucial witnesses in the case.

¶15.    To prove his ineffective-assistance-of-counsel claim, Williams must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant bears the burden to prove both prongs of *Strickland*, and a strong presumption exists that an attorney's conduct falls within the wide range of reasonable professional assistance. *Smith v. State*, 129 So. 3d 243, 246 (¶9) (Miss. Ct. App. 2013).

¶16.    This Court has previously explained:

> When applying the [*Strickland*] test to a guilty plea, [the defendant] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty, would have insisted on going to trial, and the outcome would have been different. Additionally, a defendant must plead claims of

7

ineffective assistance of counsel with specificity, and the claim must be supported by affidavits other than his own. When a movant fails to attach any supporting affidavits and relies solely on his own sworn motion, his ineffective-assistance claim must fail.

*Avery v. State*, 179 So. 3d 1182, 1188-89 (¶13) (Miss. Ct. App. 2015) (internal citations and quotation marks omitted).

¶17. As support for his ineffective-assistance claim, Williams argues that his attorney knew about his history of mental-health issues but failed to investigate his competency and inform the circuit court that he was incompetent to enter a valid guilty plea. In addition, Williams claims that his attorney failed to interview crucial witnesses in his case. According to Williams, had his attorney properly investigated the case and interviewed these crucial witnesses, the outcome of the proceedings would have been different. Williams insists that he never would have withdrawn his "not guilty" plea but would have proceeded to trial.

¶18. Upon review, we find that Williams's allegations lack support. As previously discussed, Williams fails to provide any evidence to demonstrate that he lacked competency during the time period in which he committed the charged offenses, was indicted, and then entered his guilty pleas. Instead, Williams provides only his own bare assertions to support his claims. *See id.* at 1189 (¶13).

¶19. In addition, as stated, the record reflects that Williams entered his guilty pleas under oath in open court. *See Montalto*, 119 So. 3d at 1096 (¶18). In doing so, Williams acknowledged that his attorney had reviewed his guilty-plea petition with him, as well as the charges he faced and what the State had to prove for him to be found guilty of the crimes charged. Williams stated that he had no questions about his petition and that he understood

8

the charges against him and the rights he waived by pleading guilty. Moreover, the record reflects that, by signing his plea petition, Williams agreed that his attorney "had done all that anyone could do to counsel and assist" him and that he was "satisfied with the advice and help" that his attorney had provided.

¶20. Williams bore the burden below to demonstrate that he lacked the competency to enter a valid guilty plea. *See Vanwey*, 55 So. 3d at 1136 (¶6). On appeal, he also bears the burden to show by a preponderance of the evidence that he is entitled to relief. *See Smith*, 129 So. 3d at 245 (¶5). After reviewing the record and relevant caselaw, however, we find that Williams fails to meet his burden of proof on his ineffective-assistance claim. *See Strickland*, 466 U.S. at 687. Williams has not sufficiently shown that his attorney's "performance fell below an objective standard of reasonableness." *Avery*, 179 So. 3d at 1190 (¶16). Furthermore, "even assuming errors on his attorney's part, [Williams fails to show that] the outcome would have been different had he proceeded to trial." *Id.* We therefore find that this assignment of error lacks merit.

**III.    Whether Williams was unlawfully convicted of manslaughter.**

¶21. In addition to his other claims, Williams asserts that he "is actually and factually innocent" of the manslaughter charge. In discussing this issue, this Court has previously stated:

> Rule 8.04(A)(3) of the Uniform Circuit and County Court Rules provides that[,] before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A sufficient factual basis requires an evidentiary foundation in the record [that] is sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as

9

criminal. We review the entire record to discern whether a sufficient factual basis exists.

*Porter v. State*, 126 So. 3d 68, 72 (¶12) (Miss. Ct. App. 2013) (internal citations and quotation marks omitted).

¶22. As already stated, we find that Williams voluntarily, knowingly, and intelligently entered his guilty pleas to the crimes charged. *See id.* Furthermore, despite Williams's claim of innocence, the record clearly reflects his statements under oath as to the following: he committed the crimes charged; the facts and allegations contained in the charges were true; and he was pleading guilty to the charges of his own free will. Because the record reflects that the circuit court possessed a sufficient factual basis to accept Williams's guilty pleas, we find that this argument lacks merit. *See id.*

¶23. **THE JUDGMENT OF THE JEFFERSON DAVIS COUNTY CIRCUIT COURT DENYING THE PETITION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON DAVIS COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**