# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00822-COA

LARRY BARDNEY                                                          APPELLANT

v.

STATE OF MISSISSIPPI                                                    APPELLEE

DATE OF JUDGMENT:             04/01/2016
TRIAL JUDGE:                  HON. JANNIE M. LEWIS
COURT FROM WHICH APPEALED:    HUMPHREYS COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       LARRY BARDNEY (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: ALICIA MARIE AINSWORTH
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 09/12/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., BARNES AND CARLTON, JJ.

### BARNES, J., FOR THE COURT:

¶1.    On September 24, 1994, Tommie Penn's neighbor heard a commotion outside. When she peered out, she saw Larry Bardney chase Penn into his yard, making a stabbing-type motion while standing over Penn's body. The neighbor then heard Patricia Young, Penn's girlfriend, scream and witnessed Bardney chase Young back into the house, where she was later discovered deceased. Penn managed to run to the neighbor's house after the altercation, where he fell onto her floor and died. A witness had seen Bardney with Young earlier that evening, and several witnesses stated Bardney had been wearing a shirt that was recovered at the crime scene. Laboratory testing found blood matching Penn's blood type on Bardney's underwear.

¶2.    Bardney was indicted for the murders of Penn and Young, and he pleaded guilty to both counts of murder on June 19, 1995. At the plea hearing, the Humphreys County Circuit Court judge informed Bardney of the constitutional rights he was waiving by entering a guilty plea. Defense attorneys told the court that Bardney, who had no prior criminal record, had consistently maintained his innocence in prior meetings with them, but Bardney assured the circuit judge at the hearing that he was entering his guilty plea because he was guilty and for no other reason. The court sentenced him to serve two concurrent life sentences in the custody of the Mississippi Department of Corrections.

¶3.    Bardney filed a motion for post-conviction relief (PCR) on January 8, 1996. The circuit court denied the motion, finding no evidence of coercion to enter a guilty plea, Bardney's guilty pleas "were knowingly and voluntarily" entered, and Bardney was advised by the court and his attorneys regarding the minimum and maximum sentences that could be imposed. The Mississippi Supreme Court affirmed the court's decision on November 6, 1997. *See Bardney v. State*, 703 So. 2d 861 (Miss. 1997) (affirmed without published opinion).

¶4.    On July 7, 2015, Bardney filed a second PCR motion, contending that his indictment was fatally defective. He also alleged ineffective assistance of counsel for counsel's failure to move for dismissal based on a violation of his right to a speedy trial. The circuit court denied the motion on the merits, finding Bardney had not provided sufficient evidence to establish his indictment was fatally defective or "to show that his counsel was ineffective."

¶5.    On appeal, we find Bardney's PCR motion is procedurally barred, and we affirm the

2

court's judgment.

## STANDARD OF REVIEW

¶6.     A circuit court's denial of a PCR motion will not be overturned unless the court's decision was "clearly erroneous." *Parish v. State*, 203 So. 3d 718, 721 (¶6) (Miss. Ct. App. 2016) (citing *Chapman v. State*, 135 So. 3d 184, 185 (¶6) (Miss. Ct. App. 2013)). "When reviewing questions of law, this Court's standard of review is de novo." *Id*.

## DISCUSSION

¶7.     Bardney claims his indictment was fatally defective for failing to state it was "brought in the name and by the authority of the State of Mississippi," for failing to include the language "without authority of law," and for failing to state the victims were "human beings," which he contends is an essential element of murder.  He also asserts several claims of ineffective assistance of counsel.

¶8.     As the State notes, however, Bardney is filing a successive PCR motion twenty years after his guilty pleas were entered; therefore, his claims are both time-barred and barred as a successive writ.  Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) provides that PCR motions "shall be made . . . within three (3) years after entry of the judgment of conviction" in cases involving guilty pleas.  Additionally, Mississippi Code Annotated section 99-39-23(6) (Rev. 2015) states that an order denying a PCR motion is considered a final judgment and a bar to a second or successive motion.

¶9.     Furthermore, Bardney has not demonstrated that his claims constitute an exception to these procedural bars.  Under the statutory exceptions to the three-year limitations period and

3

successive-writ bar, a PCR movant must show: (1) an intervening decision of the United States Supreme Court or the Mississippi Supreme Court adversely affecting the outcome of the movant's conviction or sentence; (2) new evidence, "not reasonably discoverable at the time of trial," which would have caused a different result in the conviction or sentence; (3) biological evidence, not previously tested, exists that would demonstrate "by reasonable probability" that the movant "would not have been convicted or would have received a lesser sentence"; or (4) that either "his sentence has expired or his probation, parole or conditional release has been unlawfully revoked." Miss. Code Ann. § 99-39-5(2)(a)-(b). Additionally, in *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010), the Mississippi Supreme Court held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act (UPCCRA)]." Bardney's claim that his indictment was fatally defective does not fall within any of these exceptions to the UPCCRA procedural bars.[1]

---

[1] Nonetheless, Bardney's entry of a voluntary guilty plea waived this claim. *See Kennedy v. State*, 118 So. 3d 684, 685 (¶6) (Miss. Ct. App. 2013) (A valid guilty plea operates as waiver of all non-jurisdictional defects contained in the indictment with two exceptions: the failure of the indictment to charge an essential element of a criminal offense and subject-matter jurisdiction.). Bardney's indictment properly charged him with "unlawfully" murdering "Patricia Young" and "Tommie O'Neal Penn" "feloniously" and with "malice aforethought." *Compare* Miss. Code Ann. § 97-3-19(1)(a) (Rev. 1994) ("The killing of a human being without the authority of law by any means or in any manner shall be murder . . . [w]hen done with deliberate design to effect the death of the person killed, or of any human being[.]"), *with Turner v. State*, 796 So. 2d 998, 1003 (¶20) (Miss. 2001) (term "unlawfully" synonymous with phrase "without authority of law") *and Windham v. State*, 602 So. 2d 798, 807 n.5 (Miss. 1992) (terms "malice aforethought" and "deliberate design" synonymous). Further, the indictment specified the victims by name and surname, carrying the "necessary . . . implication" that the individuals named were "human being[s]." *See Coffield v. State*, 749 So. 2d 215, 217 (¶7) (Miss. Ct. App. 1999). Thus, Bardney's claim of a fatally defective indictment is without merit, as well as waived.

¶10.   We also find Bardney has waived his claims of ineffective assistance of counsel.  A defendant's guilty plea "waives claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Jones v. State*, 215 So. 3d 508, 513 (¶17) (Miss. Ct. App. 2017) (quoting *Alford v. State*, 185 So. 3d 429, 432 (¶15) (Miss. Ct. App. 2016)).  Although Bardney asserts several claims of ineffective assistance of counsel on appeal, he brought only one in his PCR motion before the trial court — that counsel was ineffective for failing to file a motion to dismiss based on a violation of his right to a speedy trial.  Therefore, we will only address this claim on review.[2]  "A defendant who fails to raise an issue in his motion for post-conviction relief before the trial court may not raise that issue for the first time on appeal." *Marshall v. State*, 136 So. 3d 443, 445 (¶3) (Miss. Ct. App. 2013) (quoting *Fluker v. State,* 17 So. 3d 181, 183 (¶5) (Miss. Ct. App. 2009)).  As this claim does not relate to the voluntariness of the entry of his guilty plea, we find Bardney is precluded from asserting this claim.  Bardney pleaded guilty, and his plea petition stated that he was waiving his "right to a speedy and public trial

---

[2] Notwithstanding waiver, we find no merit to his additional claims.  Bardney argues counsel failed to inform him of the lesser-included charge of manslaughter (i.e., that he could have asserted what he terms a "heat-of-passion defense").  The underlying facts do not support manslaughter; he was seen by an eyewitness chasing down both victims, who were running away from him.  Bardney contends the State was required "to make a statement as to what evidence it possessed" to support a guilty verdict.  The record of the plea hearing shows that the State did so, outlining the witnesses' testimony and the evidence.  Bardney heard the State's offer of proof and assured the court that he did not disagree with it. Additionally, Bardney claims counsel was ineffective for failing (1) to explain the essential elements of murder, (2) to advise him of potential sentencing, and (3) to inform him of the constitutional rights he was giving up by pleading guilty.  The record again contradicts his claims.  The plea-hearing transcript shows Bardney was advised of and understood his constitutional rights, the nature of the charge against him, the minimum and maximum sentences for the charge, and the consequences of his guilty plea.

by jury." "[W]here a defendant voluntarily pleads guilty to an offense, he waives all non-jurisdictional rights incident to trial, including the constitutional right to a speedy trial." *Hill v. State*, 60 So. 3d 824, 827 (¶6) (Miss. Ct. App. 2011) (citing *Anderson v. State,* 577 So. 2d 390, 391-92 (Miss. 1991)). Further, "[i]n order to succeed on a claim that counsel breached the minimum level of performance in failing to assert a speedy trial issue, a petitioner has the burden of showing such an issue could have merit." *Ellis v. State*, 773 So. 2d 412, 413 (¶5) (Miss. Ct. App. 2000). We find Bardney has failed to plead specific facts to show any deficiency.

¶11. Accordingly, Bardney's claims are procedurally barred, and we affirm the circuit court's denial of Bardney's PCR motion.

¶12. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**