## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-01008-COA

**CARLOS LAWSON A/K/A CARLOS CORTEZ**        **APPELLANT**
**LAWSON**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/27/2023 |
| TRIAL JUDGE: | HON. STANLEY ALEX SOREY |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CARLOS LAWSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/17/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McCARTY AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1. Carlos Lawson appeals from the Covington County Circuit Court's order denying his motion for post-conviction collateral relief (PCR). On appeal, Lawson argues that (1) his trial attorney's alleged ineffective assistance rendered his guilty plea to fourth-offense driving under the influence (DUI) involuntary, and (2) his indictment was defective. Finding no error, we affirm the circuit court's order denying Lawson's PCR motion.

## FACTS

¶2. A Covington County grand jury indicted Lawson as a violent habitual offender (thereby exposing Lawson to a potential life sentence) for a fourth DUI offense in Cause Number 2021-004-K2. Lawson pled guilty to the charge. He also pled guilty to fourth-

offense DUI in two additional cause numbers (Simpson County Cause Number 2021-015-K2 and Covington County Cause Number 2021-022-K2). For these three convictions, the circuit court sentenced Lawson as a nonviolent habitual offender to consecutive terms totaling fifteen years to serve in the custody of the Mississippi Department of Corrections.[1]

¶3.	Lawson filed a timely PCR motion relating to his conviction and sentence in Covington County Cause Number 2021-004-K2. Lawson argued that his trial attorney had provided ineffective assistance. Specifically, Lawson stated that his trial attorney had misinformed him that he would receive concurrent (rather than consecutive) sentences for his fourth-offense DUI charges, failed to challenge the sufficiency of the State's evidence of his prior DUI convictions, and failed to assert that the indictment was defective due to incorrect information included about his prior DUI convictions. Lawson further argued that his trial attorney's ineffectiveness caused him to enter an involuntary guilty plea. As exhibits to his PCR motion, Lawson attached an affidavit from himself and his then-fiancée. Both affidavits asserted Lawson's trial attorney had informed Lawson that the State's recommendation would be to drop his habitual-offender status and allow him to serve concurrent sentences.

¶4.	Lawson's testimony at his PCR hearing differed from the arguments raised in his PCR

---

[1] For Lawson's conviction in Covington County Cause Number 2021-004-K2, the circuit court sentenced Lawson as a nonviolent habitual offender to ten years, with three years to serve and seven years suspended, and four years of "unsupervised probation." For Lawson's conviction in Simpson County Cause Number 2021-015-K2, the circuit court sentenced Lawson to a consecutive term of ten years, with two years to serve and eight years suspended, and five years of "supervised probation." For Covington County Cause Number 2021-022-K2, the circuit court sentenced Lawson as a nonviolent habitual offender to serve a consecutive term of ten years in custody.

motion and the attached affidavits. Lawson testified that his trial attorney had "told [him] to do six months alcohol and drugs, complete the program, the habitual will be dropped, and [Lawson would] be on some type of probation when [he got] released." On cross-examination, Lawson admitted that when he entered his guilty plea on July 22, 2021, he had been charged with three separate counts of fourth-offense DUI as a violent habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2020). When asked, Lawson acknowledged that he knew the minimum sentence for a fourth-offense DUI charge was "2 to 10 [years]." Despite the signed plea petition attached as an exhibit to his PCR motion, Lawson denied signing any document specifying that he would serve actual prison time rather than only six months enrolled in an alcohol-and-drug program. Following the evidentiary hearing, the circuit court entered an order denying Lawson's PCR motion. Aggrieved, Lawson appeals.

## STANDARD OF REVIEW

¶5. "When reviewing a circuit court's denial or dismissal of a PCR motion, we . . . disturb the circuit court's decision if the circuit court abused its discretion [or] the decision is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Johnson v. State*, 385 So. 3d 467, 469 (¶6) (Miss. Ct. App. 2023) (quoting *Green v. State*, 242 So. 3d 176, 178 (¶5) (Miss. Ct. App. 2017)).

## DISCUSSION

### I.     Ineffective Assistance and Involuntary Guilty Plea

¶6. Lawson contends that his trial attorney's allegedly incorrect advice about his sentence

constituted ineffective assistance of counsel and rendered his guilty plea involuntary. Because these claims are intertwined, we address them together.

¶7. To succeed on his ineffective-assistance claim, Lawson must establish that (1) his trial attorney's "performance was deficient," and (2) "the deficient performance prejudiced [his] defense." *Hughes v. State*, 321 So. 3d 1244, 1247 (¶7) (Miss. Ct. App. 2021). "[A] voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Malone v. State*, 379 So. 3d 388, 397 (¶23) (Miss. Ct. App. 2024) (quoting *Thomas v. State*, 159 So. 3d 1212, 1215 (¶10) (Miss. Ct. App. 2015)). "A plea is considered voluntary when the defendant knows what the elements are of the charge against him, including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea." *Wade v. State*, 379 So. 3d 983, 989-90 (¶16) (Miss. Ct. App. 2024) (quoting *Williams v. State*, 220 So. 3d 996, 1000 (¶10) (Miss. Ct. App. 2017)).

¶8. As the defendant, Lawson "bears 'the burden of proving by a preponderance of the evidence that his guilty pleas were involuntary.'" *Id.* at 990 (¶16) (quoting *Williams*, 220 So. 3d at 1000 (¶10)). In addition, because Lawson pled guilty, he "can only prevail on his claim [of ineffective assistance of counsel] by demonstrating that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Tran v. State*, 373 So. 3d 597, 600 (¶6) (Miss. Ct. App. 2023) (citation and internal quotation marks omitted). Lawson also "must convince the court that a decision to

reject the plea bargain would have been rational under the circumstances." *Malone*, 379 So. 3d at 397 (¶23) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

¶9. In considering Lawson's claims, "[t]his Court is entitled to place great weight on the sworn testimony of a defendant . . . , and a defendant faces a rather high hurdle in recanting that testimony." *Varnado v. State*, 362 So. 3d 127, 136 (¶28) (Miss. Ct. App. 2023) (quoting *Baldwin v. State*, 923 So. 2d 218, 222 (¶11) (Miss. Ct. App. 2005)). At his evidentiary hearing, Lawson acknowledged that he had known the minimum sentence for a charge of fourth-offense DUI was "2 to 10 [years]." Even so, Lawson testified that his trial attorney had advised him that he would not have to serve actual day-for-day time in prison. Instead, Lawson asserted his attorney had advised him that if he pled guilty, the habitual-offender portion of his sentence would be dropped, he would only be required to complete a six-month alcohol-and-drug program, and he would be placed on probation following his completion of the program. Lawson's testimony undermined the earlier claims he made in his PCR motion. Both Lawson's PCR motion and the attached affidavits asserted that Lawson's attorney had misinformed him that he would receive concurrent rather than consecutive sentences for his three charges for fourth-offense DUI.

¶10. Following Lawson's testimony at the evidentiary hearing, the circuit judge made on-the-record findings regarding Lawson's relief requested. The circuit judge found that throughout Lawson's plea hearing for Covington County Cause Number 2021-004-K2, Lawson had appeared "knowledgeable about what he was facing" and agreeable to "taking the deal that the State had offered to drop the life habitual and take that down to a

5

[nonviolent] habitual and have [Lawson] serve three years day for day." In fact, the circuit judge recalled that after the State had given its sentencing recommendation, Lawson had expressed his agreement to the recommendation. In light of Lawson's signed plea petition and responses during the plea colloquy, the circuit judge stated that he "at no time [had] any inclination or any concern that [Lawson] may not have been fully advised of [everything] he was facing." Instead, the circuit judge concluded that "Lawson was certainly taking advantage of that plea deal[,]" which allowed him to receive a fifteen-year sentence and "avoid spending the rest of his life in prison if he went to trial and was found guilty." The circuit judge further stated that in response to his questioning, Lawson indicated during the plea colloquy that he had not been threatened or promised any inducements to persuade him to enter his guilty plea. Moreover, Lawson had acknowledged to the circuit judge that he was satisfied with his trial attorney's representation.

¶11. We find that Lawson's signed plea petition and his sworn statements in open court during the plea hearing directly contradicted his PCR claims that his trial attorney provided ineffective assistance or that he entered an involuntary guilty plea. In addition, Lawson's own testimony during his evidentiary hearing casts into doubt the assertions raised in his PCR motion regarding his attorney's allegedly incorrect advice. And as the circuit judge noted during the evidentiary hearing, Lawson accepted a plea deal that resulted in a far more lenient sentence than the potential life imprisonment that awaited him had he proceeded to trial. Upon review, we find that Lawson has failed to prove that his attorney's performance was deficient or that the alleged deficiency prejudiced his defense. As a result, we conclude

6

there is no clear error in the circuit court's findings or abuse of discretion in the circuit court's denial of Lawson's PCR claims of ineffective assistance and an involuntary guilty plea.

## II. Defective Indictment

¶12. For the first time on appeal, Lawson asserts that his indictment was defective because one of the prior DUI convictions used to enhance his most recent charge to fourth-offense DUI occurred over five years earlier. Lawson's claim is procedurally barred. *See Bardney v. State*, 236 So. 3d 825, 828 (¶10) (Miss. Ct. App. 2017) ("A defendant who fails to raise an issue in his motion for [PCR] before the trial court may not raise that issue for the first time on appeal."); *see also Smith v. State*, 347 So. 3d 1177, 1181 (¶9) (Miss. Ct. App. 2022) (recognizing that the entry of "a defendant's valid guilty plea also waives all nonjurisdictional defects or insufficiencies in the indictment").

¶13. Notwithstanding the procedural bar, we find that Lawson's claim of a defective indictment lacks merit. In relevant part, Mississippi Code Annotated section 63-11-30(8)(a) (Rev. 2022) states the following:

> For the purposes of determining how to impose the sentence for a second, third, fourth or subsequent conviction under this section, **the affidavit or indictment shall not be required to enumerate previous convictions. It shall only be necessary that the affidavit or indictment states the number of times that the defendant has been convicted** and sentenced within the past five (5) years for a second or third offense, or **without a time limitation for a fourth or subsequent offense, under this section to determine if an enhanced penalty shall be imposed**. . . .

(Emphasis added). Thus, despite Lawson's assertions on appeal, section 63-11-30(8)(a) imposes no five-year limitation for the prior convictions used to enhance a DUI charge for

a fourth or subsequent offense.

¶14. In addition, the record reflects that Lawson's indictment complied with section 63-11-30(8)(a) by stating that Lawson had "been convicted of at least three (3) prior DUI offenses." Moreover, even though not required by the statute, Lawson's indictment provided a description of four of his prior DUI convictions. Lawson does not dispute that he has at least three prior DUI convictions as required for the charge of fourth-offense DUI, and as discussed, he has failed to substantiate his claims of a defective indictment. We therefore find no clear error or abuse of discretion in the circuit court's denial of Lawson's PCR motion regarding this issue.

## CONCLUSION

¶15. Finding no clear error or abuse of discretion, we affirm the circuit court's order denying Lawson's PCR motion.

¶16. **AFFIRMED.**

    **BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR.**